**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| ARLENE MARTINEZ,<br><br>Plaintiff,<br><br>vs.<br><br>RADIUS GLOBAL SOLUTIONS, LLC,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiff Arlene Martinez ("Plaintiff") brings this Complaint against Defendant Radius Global Solutions, LLC, ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and alleges, upon personal knowledge as to their own conduct, and upon information and belief as to the conduct of others, as follows:

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to personal bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff, by her attorneys, brings this action to challenge the actions of Defendant with regards to its attempts to unlawfully and abusively collect a debt alleged owed by Plaintiff, which conduct caused Plaintiff actual damages, including out-of-pocket damages and severe

emotional distress.

3. Plaintiff makes these allegations on information and belief, except for those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While the Complaint describes violations with specificity below, this Complaint alleges violations of the FDCPA in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in New York.

6. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain reasonable procedures adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION & VENUE

8. Original subject matter jurisdiction is valid in the U.S. District Court pursuant to 28 U.S.C. § 1331 because this case arises out of Defendant's violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

10. Venue is also proper in the U.S. District Court, Western District of New York, pursuant to 28 U.S.C. § 1391(b) because Defendant is deemed to reside in any judicial district in

which it is subject to personal jurisdiction at the time the action is commenced and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

11. Plaintiff is a natural person who, for all times relevant hereto, has resided in Buffalo, New York.

12. Upon information and belief, Defendant is a foreign corporation organized under the laws of the state of Minnesota with its headquarters in Edina, Minnesota. Plaintiff further alleges that, at all times relevant, Defendant conducted business within the state of New York and this Judicial District.

13. Defendant's registered agent and address for service of process, as reported to the New York Secretary of State is as follows: C T Corporation System at 28 Liberty Street, New York, New York, 10005.

## FACTUAL ALLEGATIONS

14. Prior to November 2020, Plaintiff is alleged to have incurred a consumer debt in the amount of $958.13 (the "Debt"), with the original creditor Department Stores National Bank.

15. Sometime thereafter, but before February 2022, Plaintiff allegedly fell behind on the payments owed on the Debt.

16. Afterwards, the Debt was allegedly assigned, placed, or otherwise transferred to Defendant for collection. Thereafter, Defendant began contacting Plaintiff in an attempt to collect upon the Debt.

17. On or around February 15, 2022, Defendant sent Plaintiff a collection letter via mail notifying Plaintiff of the change in account ownership and attempting to collect the Debt from Plaintiff.

18. The February 15, 2022 collection letter listed a Macy's Credit Card account with the account number ending in 3352 as associated with the Debt.

19. Concerned by Defendant's collection letter, on or around February 27, 2022, Plaintiff sent Defendant a letter via fax disputing the Debt, demanding validation, verification and proof of the Debt which Defendant claimed was owed by Plaintiff (the "Dispute"), which was confirmed received by Defendant.

20. On or around March 18, 2022, Defendant provided a response to Plaintiff's Dispute wherein Defendant listed the same Macy's Credit Card account with the account number ending in 3352 as associated with the Debt. However, Defendant also included an account statement from a billing period of January 10, 2018 to February 6, 2018 for a Macy's Credit Card account with the account number ending in 2621, with a balance of $278.57.

21. Upon information and belief, Defendant was trying to collect on an account that did not belong to Plaintiff and/or falsely represented the character, amount, or legal status of the Debt allegedly owed by Plaintiff.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**
**15 U.S.C. §§1692, et seq.**

22. Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of the Complaint as though fully stated herein.

23. Defendant never provided Plaintiff with the requested validation, verification and/or proof of the Debt. Furthermore, Defendant continued with their attempt to collect from Plaintiff.

24. As a party who was allegedly obligated to pay a debt, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

25. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another party, Department Stores National Bank and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

26. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reasons of a consumer credit transaction. As such, this action arises out a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

27. Defendant's collection letters to Plaintiff constitute a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

28. Based on the foregoing, Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff by attempting to collect on a Debt using false, deceptive and misleading information.

29. Defendant's aforementioned conduct towards Plaintiff also constitutes as an unfair method of debt collection, and by extension Defendant's conduct is in violation of 15 U.S.C. § 1692f.

30. Through the above conduct, Defendant violated 15 U.S.C §§ 1692e, 1692e(2), 1692e(10) by continuing with attempts to collect upon the alleged debt from Plaintiff using false, deceptive, and misleading information in connection with the Debt.

31. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing and willful violation in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant, to 15 U.S.C. § 1692k(a)(3) from Defendant.

///

## DEMAND FOR JURY TRIAL

32. Plaintiff requests a trial by jury on any and all triable issues arising herein, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

- Finding that Defendant's conduct violated 15 U.S.C. §§1692, et seq. and granting an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant.
- Granting an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant.
- Granting an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.
- Awarding any and all other relief that this Court deems just and proper.

Dated: July 14, 2022

**KAZEROUNI LAW GROUP, A.P.C.**

By: *s/ Ross H. Schmierer*

Ross H. Schmierer, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
Phone: (800) 400-6808
Fax: (800) 520-5523
ross@kazlg.com

*Attorney for Plaintiff*